**ABACOA RADIO CORPORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 19627.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 27, 1966.

Decided Feb. 17, 1966.

Mr. Joseph F. Hennessey, Washington, D. C., with whom Mr. Robert M. Booth, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Joseph A. Marino, Counsel, F.C.C., with whom Messrs. Henry Geller, Gen. Counsel, John H. Conlin, Associate Gen. Counsel, and Mrs. Lenore G. Ehrig, Counsel, F.C.C., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and LEVENTHAL, Circuit Judges.

PER CURIAM:

This appeal is from a Decision and Order of the Federal Communications Commission denying appellant's application to increase the power of its radio station WMIA in Puerto Rico. The principal theory advanced for reversal is that since the Commission rested its decision, under 73.35(a) of the Commission's Rules,[1] upon applicant's ownership, operation or control of three other stations serving substantially the same area, if one of the three stations is not under such control reversal must follow. Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L. Ed. 626. It is contended that one of the three stations, namely, WISO, was in fact not in such common control because appellant's principals owned only 49.7% of the stock of the licensee of WISO, and only two of appellant's three principals, the two being brothers, are among the four directors of WISO. They are also officers of the corporation.

The Commission refused to review the decision of the Review Board adverse to appellant. Before the Hearing Examiner and the Review Board appellant raised no objection to the finding of ownership, operation or control of WISO. The finding under Section 73.35(a) was not there contested, appellant contending that the public interest, convenience and necessity nevertheless would be served through the multiple ownership situation. Objection to the finding of control was first raised in appellant's application for review by the Commission.

In the circumstances of this case we think it was not open to appellant to insist that the Commission itself should reopen the issue of multiple ownership.

The Commission rules provide for waiver of an objection by failing to file an exception in the manner provided by the rules. 47 CFR § 1.277(a). And the rules specifically provide that "[No] application for review will be granted if it relies on questions of fact or law upon which the designated authority has been afforded no opportunity to pass." 47 CFR § 1.115(c). The designated authority in this case was the Review Board. The policy expressed in these rules, with which appellant failed to conform, leads us to affirm, especially in the absence of a clear showing of a well-founded contention that the Commission's decision under Section 73.35(a) of its rules was erroneous.

We have considered other questions raised and find in them no adequate basis for the court to decide, contrary to the Commission, that the application should have been granted.

Affirmed.

---

1. Section 73.35—Multiple Ownership

No license for a standard broadcast station shall be granted to any party (including all parties under common control) if:

(a) Such party directly or indirectly owns, operates or controls another standard broadcast station, a substantial portion of whose primary service area would receive primary service from the station in question, except upon a showing that public interest, convenience and necessity will be served through such multiple ownership situation; * * *